DUCKER, JUDGE:
The claimant, William Garlick and Sons, Inc., seeks to recover the sum of $1690.00, which it paid under protest to Vincent V. Chaney, Special Receiver for Delinquent Corporations, in a suit brought by the latter in the Circuit Court of Kanawha County by the Attorney General of West Virginia to collect corporation license taxes for the fiscal year 1962-1963, the said amount of $1690.00 being for the fiscal years from July 1, 1964, to June 30, 1969, as a prerequisite to a reinstatement of claimant of the right to do business as a foreign corporation in the State of West Virginia. The contention of the claimant is that it did not know of the suit and that its authority to do business in the State was revoked, and that being so revoked and having done no business from 1964 to 1969, it should not now be required to pay the license taxes for said years. Claimant paid the amount of the license tax for 1963-1964 and all costs without protest, but the amount claimed herein was paid by claimant under protest so that *138 it could again do> business in the State. The claimant did not withdraw in 1962-1963 from doing business in West Virginia, but it simply left the State.
The position of the State is that as provided in Chapter 11, Article 1, Section 2A and Article 12, Section 86, and Chapter 31, Article 1, Section 84, of the Code, the claimant is bound by the service by publication, and the requirement of the payment by claimant of all corporate license taxes before it could be reinstated for doing business in the State as a foreign corporation, and that inasmuch as a remedy at law is provided for in the statute for the refunding of any improper assessment, this Court does not have jurisdiction in such a matter.
The provisions of said sections of the Code are clear, explicit and unambiguous. The claimant is charged with notice of what may develop if its taxes are not paid, and it cannot claim lack of any personal notice, summons or other notice of the impending suit other than the publications required. The claimant did not notify the State of its desire to withdraw from doing business as it should have done and which if done would have saved itself from liability for the taxes accruing thereafter.
As the statutes on the subject are most elaborate, comprehensive and unequivocal, we deem it unnecessary to set forth herein the several provisions of the law contained in the statutes referred to. The claimant is presumed to have known, and indeed should have known of its rights, among which are provisions for a refund through court proceedings if the taxes were improper and if application had been timely and properly made. Claimant has failed to avail itself of the remedy available to it. This Court by the provisions of Section 14, of Article 2, Chapter 14 of the Code, is without jurisdiction of any claim with respect to which a proceeding may be maintained against the State by or on behalf of the claimant in the courts of the State. Certainly this Court cannot base jurisdiction on a failure of a claimant to enforce rights given to the claimant in courts other than this Court.
We are, therefore, of the opinion to and do disallow the claim.
Claim disallowed.